## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| TANNER C. SCHLEVE,<br><br>Plaintiff,<br><br>vs.<br><br>BNSF RAILWAY COMPANY, a Delaware corporation,<br><br>Defendant. | Court File No. 1:20-CV-166<br><br><br>**STIPULATED PROTECTIVE ORDER** |

The parties, through their counsel of record, stipulate to the entry of a Protective Order, pursuant to Rule 26(c)(l) of the Federal Rules of Civil Procedure, as set out below:

1.      The parties have served and may serve additional discovery requests in this matter that may call for the production of private, privileged, and/or proprietary documents or information.

2.      The parties recognize and acknowledge that certain documents and information contained in the production may be confidential, private, and entitled to protection from public disclosure.

3.      Recognizing the potential privacy and proprietary concerns of the production of some documents and information, the parties stipulate to the following:

   a.      Each party shall designate only the private or proprietary contents of their production by marking the document "CONFIDENTIAL";

   b.      The "CONFIDENTIAL" marking shall be conspicuous, but shall not interfere with the legibility of the document;

   c.      No party shall publicly disseminate the above-described confidential information and documents except as described herein;

d.      All documents and information designated as "CONFIDENTIAL" shall be used only for the purposes of this litigation;

e.      A party may supplement the "CONFIDENTIAL" mark (see paragraph 3(a)) with the words "ATTORNEY'S EYES ONLY," in which case a confidential document so designated may not be revealed to another party;

f.      Within sixty (60) days of the entry of a final, non-appealable order in this litigation, counsel shall return the originals and all copies of confidential documents or, alternatively, certify in writing that all copies of confidential documents have been destroyed;

g.      Notwithstanding the provisions of Paragraph 3(e), outside counsel for any party is entitled to retain all court papers, trial transcripts, exhibits, and/or attorney work, provided that any such materials are maintained and protected in accordance with the terms of this Protective Order;

h.      Deposition testimony may be designated as confidential: (1) On the record at the deposition; or (2) After the deposition, by promptly notifying the parties and those who were present at the deposition; and

i.      If a witness is expected to testify as to confidential or proprietary information, a party or non-party may request that the witness's deposition be taken in the presence of only those persons entitled to receive confidential documents.

4.      Confidential documents, including copies, shall not be disseminated except to the following:

a.      One copy to each law firm or co-counsel representing a party;

b.      Each co-counsel of record and staff of counsel of record shall have access to the confidential documents as may be necessary in this litigation in the judgment of that counsel;

c.      Each party shall have access to the confidential documents as may be necessary in this litigation in the judgment of each party's counsel, provided that the parties shall be provided with a copy of this Protective Order and shall acknowledge his/her agreement to be bound by this Protective Order in writing.

d.      A copy may be provided by counsel of record to any expert witness or consulting expert who reasonably has need for it, but prior to distribution the expert witness or consulting expert shall be provided with a copy of this Protective Order and shall acknowledge his/her agreement to be bound by this Protective Order in writing;

e.      Any person whose testimony is taken or is to be taken in this litigation during his or her testimony and in preparation therefor, provided that these individuals acknowledge in writing that they are bound by the Protective Order; and

f.      The Court and its personnel.

5.      Serving This Protective Order on a Non-Party. A party serving a subpoena on a non-party must simultaneously serve a copy of this protective order and of the Administrative Policy Governing Electronic Filing and Service, which governs the filing of sealed documents and files under Local Rule 5.1.

6.      Use of a Confidential Document in Court.

a.      Filing. This protective order does not authorize the filing of any document under seal. A confidential document may be filed only in accordance with Local Rule 5.1.

b.      Presentation at a hearing or trial. A party intending to present another party's or a non-party's confidential document at a hearing or trial must

promptly notify the other party or the non-party so that the other party or the non-party may seek relief from the court.

7.      An inadvertent failure to designate documents as "CONFIDENTIAL" information will be not be a waiver of a claim that the document contains confidential information and will not prevent the producing party from designating such information as confidential within seven (7) days of discovering the error, so long as the designation is done in writing and with particularity. In the event that a producing part designates a document as "CONFIDENTIAL" pursuant to this paragraph, the document shall be treated by the receiving party as confidential from the time of receipt of the notice of the "CONFIDENTIAL" information designation.

8.      A receiving party may challenge a producing party's designation of documents or information as "CONFIDENTIAL" at any time by providing written notice to the producing party of such challenge. Designation of any document as "CONFIDENTIAL" does not create any presumption with regard to the actual confidentiality of any document, nor does it affect the burden of proof necessary for obtaining a further order of the Court keeping the material in question from designation as confidential or further restricting its use.

        a.      If the producing party maintains that the document is confidential, it shall file a motion to determine confidentiality and enforce the terms and conditions of this Protective Order. Until the Court has ruled on a dispute under this paragraph, the "CONFIDENTIAL" designation will remain in full force and effect and the document continues to be protected by this Protective Order.

b.      If the producing party does not file a motion under Paragraph 8(a) within thirty (30) days of written notice of the receiving party's challenge to the designation, the documents so challenged will not be considered confidential nor treated as such.

9.      This Protective Order may be amended by:

a.      Stipulation signed by counsel for all parties to this litigation and filed in this matter; or

b.      Further order of the Court in this matter.

10.     Security Precautions and Data Breaches.

a.      Each party must make reasonable efforts to protect the confidentiality of any confidential document disclosed or produced to that party.

b.      A party who learns of a breach of confidentiality must promptly notify the disclosing or producing party of the scope and nature of that breach and make reasonable efforts to remedy the breach.

11.     Survival of Obligations. The obligations imposed by this protective order survive the termination of this action.

Dated this 10th day of November, 2020.


/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court